Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that court and by submitting such application to the Clerk of that court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Kupferman, J. P., Asch, Kassal and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS VALDEZ, Appellant

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)*

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.)* Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MIDDLETON, Appellant

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v*

*Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that court and by submitting such application to the Clerk of that court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Milonas, J. P., Asch, Kassal, Smith and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN VILLANOVA, Appellant.

Defendant concedes that the suppression court correctly denied his request to call the complainant as a witness at the *Wade* hearing *(People v Peterkin,* 151 AD2d 407, *affd* 75 NY2d 985).* He contends, however, that the trial court erred in denying his request to reopen the *Wade* hearing when the complainant and his friend both testified, contrary to the police officers' testimony and the prosecutor's representations at the hearing, that they were escorted to the scene of the show-up by other police officers in order to identify the individuals who had been apprehended. In view of this testimony, defendant satisfied his burden under CPL 710.40 (4) of raising newly discovered pertinent facts warranting further inquiry at a hearing *(People v Olmo,* 153 AD2d 544). However, any error in failing to reopen the hearing was harmless, there being overwhelming evidence of guilt even without the identifications. The police officers arriving at the scene of the robbery observed defendant and his companions fleeing, and pursued them until they were caught approximately a block away; the victim and his friend confirmed that the men who fled, with the police in pursuit, were the robbers; the knife used to threaten the victim, and the money taken from him, were recovered, with defendant admitting that the knife was his.